**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**KELVIN BOWMAN,
      Plaintiff,**

**vs.**                                                    **Case No. 3:10cv278/LC/MD**

**R. MOORE, et al.
      Defendants.**

---

# ORDER and
# REPORT AND RECOMMENDATION

**Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding *pro se*, initiated this action on August 1, 2010 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1), a motion to proceed *in forma pauperis* (doc. 2) and a motion for appointment of counsel (doc. 3), all of which are now pending before the court. Upon review of plaintiff's complaint, applicable statutes and controlling case law, as well as the clerk's records, the court finds that this case is subject to summary dismissal.**

**Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:**

> **In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

In the instant case, the court takes judicial notice of the fact that as of the date plaintiff filed this civil action, he had previously filed the following four cases in the Northern District of Florida, all of which were dismissed for failure to state a claim:

*Bowman v. Paul*, Case No. 4:96cv525/RH, dismissed September 24, 1997;

*Bowman v. Moore*, Case No. 4:99cv217/WS, dismissed August 9, 2000;

*Bowman v. Hamilton*, Case No. 5:04cv408/SPM/MD, dismissed February 22, 2005; and

*Bowman v. Hamilton*, Case No. 3:03cv568/RV/EMT, dismissed November 22, 2005.

In addition, plaintiff's appeal in *Bowman v. Hamilton*, Case No. 3:03cv568/RV/EMT, was dismissed as frivolous on August 21, 2006. (Case 3:03cv568/RV/EMT, doc. 81).

Plaintiff was incarcerated at the time he filed the listed cases, as Department of Corrections' records indicate he has been continuously incarcerated since 1991.[1] Because he therefore has five qualifying "strikes," he must pay the $350.00 filing fee

---

[1]**http://www.dc.state.fl.us/.**

*Case No: 3:10cv278/LC/MD*

in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*

The present case is a suit against nine prison officials at Santa Rosa Correctional Institution, plaintiff's present place of confinement. Plaintiff claims the defendants violated his constitutional rights on June 12, 2008 when they injected him with psychotropic medication without his permission. He also claims they violated his constitutional rights on March 17, 2010 when they confiscated legal papers, grievances and other documents from his cell. Plaintiff seeks monetary damages for these alleged violations. Plaintiff's allegations, one of which references an incident that occurred over two years ago, and the other which involves the confiscation of documents, do not establish that plaintiff is under imminent danger of serious physical injury.

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g). Leave should not be provided so that he can pay the fee; rather, dismissal is required. *Dupree v. Palmer, supra*.

Accordingly, it is ORDERED:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is DENIED.

2. Plaintiff's motion for appointment of counsel (doc. 3) is DENIED.

And it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), and the clerk be directed to close the file.

At Pensacola, Florida, this 5th day of August, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).